Filed 8/29/16  P. v. Sanchez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYANT SANCHEZ,<br><br>    Defendant and Appellant. | B269622<br><br>(Los Angeles County<br>Super. Ct. No. TA136369) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * *

Defendant Bryant Sanchez appeals from his attempted robbery conviction. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), defendant's counsel filed an opening brief requesting that this court review the record to determine whether any arguable issue exists on appeal. We find no arguable issue and affirm.

## BACKGROUND

Sanchez was charged with one count of attempted second degree robbery. It was further alleged that Sanchez had a prior robbery conviction and was on probation at the time of the current offense. The prior conviction was alleged to be a serious or violent felony and a prior strike conviction under the "Three Strikes" law. (Pen. Code, §§ 667, 667.5, 1170.12.)

Sanchez's motion to exclude his admission based on *Miranda* was denied. (*Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).)

At trial, Filipe Cervantes testified that on January 26, 2015, he was working at Plaza Mexico, painting over graffiti. Defendant approached Cervantes and told him he had a gun. Defendant was with another man and said that if Cervantes did not give him money he would shoot. Defendant hit Cervantes on his shoulder. Cervantes told defendant that he did not have any money.

Sheriff's Deputy Manual Solis testified that after giving defendant *Miranda* warnings, defendant admitted, "I try to rob worker, but I did not take nothing. I need money and don't work."

Defendant testified and denied attempting to rob Cervantes. Defendant testified Deputy Solis told him to admit the attempted robbery causing him to write the above-described statement. Defendant admitted he suffered a prior conviction for a crime of moral turpitude.

Jurors found defendant guilty of attempted second degree robbery. Defendant waived his right to a jury trial on the prior robbery allegation and subsequently admitted his prior conviction. He was sentenced to state prison for seven years eight months.

## DISCUSSION

We appointed counsel to represent defendant. Counsel identified no issues. We advised defendant that he could submit a letter identifying any contentions, and defendant did not file a letter. We have examined the entire record. We are satisfied no arguable issue exists, and defendant's counsel has fully satisfied his responsibilities. (*Wende, supra*, 25 Cal.3d 436, 441-443; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Smith v. Robbins* (2000) 528 U.S. 259, 279-284.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

3